# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PAMELA A. VAN DEN ENG, ) <br> individually and as Personal ) <br> Representative of the ESTATE OF ) <br> PATRICK J. VAN DEN ENG, ) <br>             ) <br>         Plaintiff, ) <br>             ) <br> v.            ) <br>             ) <br> THE COLEMAN COMPANY, INC., ) <br> et al.,          ) <br>             ) <br>         Defendants. ) <br> _____ ) | Case No. 05-MC-109-WEB-DWB <br><br> (U.S. Dist. Ct., E.D. Wis. <br>  Case No 03-C-0504) |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff, Pamela A. Van Den Eng's Motion for Reconsideration of Fees and Expenses Related to Coleman's Motion for Protective Order Relating to William L. Phillips (Doc. 10), stating that the Court was not presented with relevant facts that were important to its prior decision. Defendants filed a response (Doc. 12), arguing that the Court's initial order was proper because (1) Defendants' motion was granted in part, (2) the motion was substantially justified, and (3) an award of fees and expenses would be unjust. Plaintiff did not file a reply.

## BACKGROUND

The facts surrounding the underlying motion are fully set out in the Order

for which Plaintiff seeks reconsideration. (Doc. 9.) In brief, this matter arises from a pending product liability/wrongful death case filed in the Eastern District of Wisconsin. Defendants filed a Motion for Protective Order (Doc. 1) in this Court, seeking to prevent Plaintiff from deposing William L. Phillips, Coleman's former CEO.

In support of it's motion, Defendants cited the state court derived "Apex Doctrine," which provides a threshold test that must be satisfied prior to deposing a high level corporate official ("Apex Official"). Plaintiff argued that the Apex Doctrine did not apply in this circuit. The Court held that there is no special threshold test that must be met prior to deposing an Apex Official, but found that special circumstances were often considered when deciding whether a protective order should be granted to protect an Apex Official from annoyance, embarrassment, oppression, or undue burden or expense under Fed. R. Civ. P 26(c).

The Court found that Defendants did not provide sufficient evidence of annoyance or burden to justify a complete ban from taking Phillips Deposition. However, the Court noted that Plaintiff's evidence regarding the likelihood that Phillips would possess relevant information was weak. Accordingly, the Court allowed Plaintiff to depose Phillips, but limited any such deposition to four hours.

The Court also denied Plaintiff's request for fees, finding that it had granted Defendant's motion in part and stating that " it would not be just to award costs or fees to either party."  (Doc. 9 at 10.)

Plaintiff filed this motion for reconsideration, arguing that, unknown to the Court, Plaintiff had only scheduled Phillips' deposition for two hours, and thus the four hour limitation constituted no meaningful protection at all.  Accordingly, Plaintiff argued that sanctions should have been considered under the standards of Fed. R. Civ. P 37(a)(4)(A), as though Defendant's motion had been denied.

## DISCUSSION

D.Kan. Rule 7.3 provides, in pertinent part, that:

> A party may file a motion asking a judge or magistrate judge to reconsider an order or decision made by that judge or magistrate judge. . . . A motion to reconsider [a non-dispositive motion] shall be based on (1) an intervening change in controlling law, (2) availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice.

Whether to grant or deny a motion for reconsideration is committed to the court's discretion.  *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).  A motion to reconsider "gives the court the opportunity to correct manifest errors of law or fact and to review newly discovered evidence."  *Voelkel v. General Motors Corporation*, 846 F. Supp. 1482 (D.Kan. 1994).  A motion to

reconsider is appropriate if the Court has obviously misapprehended a party's position, the facts, or applicable law or if the party produces new evidence that could not have been obtained through the exercise of due diligence.  *Id*.; ***Major v. Benton***, 647 F.2d 110, 112 (10th Cir. 1981).  "A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."  ***Voelkel***, 846 F. Supp. 1482 (citing ***OTR Driver at Topeka Frito-Lay, Inc.'s Distribution Center v. Frito Lay, Inc***., 1993 WL 302203 (D. Kan. July 19, 1993).

    Here, the motion to reconsider is properly made because Plaintiff offers additional information that was not apparently relevant until the Court issued its ruling.  Specifically, Plaintiff claims that she only allotted two hours for her proposed deposition of Phillips, making the Court's four hour limitation superfluous and no relief at all for Defendants or Phillips.  While this is not "new" information that could not have been presented by Plaintiff in her original motion, this information was not relevant until the Court made its ruling limiting the time of the deposition.  Therefore, Plaintiff's failure to provide to provide the information earlier is justified.

    However, the Court DENIES Plaintiff's Motion for Reconsideration because (1) the Court is not convinced that its ruling provides no meaningful protection at

4

all to Defendants or Phillips, and (2) Defendants' motion was substantially justified.

### A.    MEANINGFUL PROTECTION

The Court denied Plaintiff's request for fees in the previous Order pursuant to Fed. R. Civ. P 37(a)(4)(C), which states that where the motion is granted in part and denied in part, the Court "may" apportion damages in a just manner. Plaintiff argues that the Court should have considered awarding fees under Fed. R. Civ. P. 37(a)(4)(A), which states that where the motion is granted, the Court "shall" require the opposing party to pay the fees and costs associated with the motion unless the opposing parties' objection was substantially justified.

Plaintiff claims that Rule 37(a)(4)(A) is appropriate in this case because the Court's four hour time limitation was less than Plaintiff's claimed intent to depose Phillips for only two hours and, therefore, no meaningful relief to justify the Court's consideration of fees as though the motion were granted in part. The Court disagrees.

First, the Court did, in fact, grant Defendants' motion in part. Furthermore, the Court does not believe that its Order provided no meaningful relief. While Plaintiff claims that it intended to depose Phillips for only two hours, there was no guarantee that his deposition would have been so limited. Without the Court's

protective order, Plaintiff could have overrun its scheduled deposition time for Phillips.[1]  Under the protective order, these actions are clearly prohibited.

However, even if the Court did consider the award of fees and costs under Rule 37(a)(4)(A), it finds that Defendants' objection to the taking of Phillips' deposition was substantially justified.

## B.    SUBSTANTIALLY JUSTIFIED

The selection and imposition of sanctions lies within the sound discretion of the court.  ***Dixon v. Certainteed Corp.***, Case No. 94-2310, 1996 WL 451415, at *1 (D. Kan. Aug. 7, 1996).  As previously stated, Rule 37(a)(4)(A) provides that the Court shall require the party opposing the discovery motion to pay the fees and costs associated with making a motion to compel unless the party's opposition was "substantially justified."  A discovery objection is substantially justified if there is a genuine dispute as to the appropriateness of the objection.  *See **Pierce v. Underwood***, 487 U.S. 552, 565, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988) ("To

---

[1] In fact, the Court was contacted during Mr. Phillips' deposition on November 29, 2005, to rule on disputes between counsel.  *See* Doc. 15.  At that time, the deposition had been going for more than one-half hour and had not proceeded beyond very basic background questions.  While both sides argued that the other was delaying the deposition by either asking questions that had already been asked and answered and were repetitive, or by making unnecessary objections, it appeared to the Court that without some Court intervention and deadlines, it was unlikely that the deposition would be concluded in an expeditious manner.  Therefore the Court believes that its prior limitation on the length of the deposition was not only meaningful but necessary.

our knowledge, [substantially justified] has never been described as meaning 'justified to a high degree,' but rather has been said to be satisfied if there is a 'genuine dispute.'"); Advisory Committee's Notes on 1970 Amendments to Fed. R. Civ. P. 37(a)(4) ("On many occasions, to be sure, the dispute over discovery between the parties is genuine . . . . In such cases, the losing party is substantially justified in carrying the matter to court."). The Court has afforded the parties opportunities to be heard,[2] and finds that Defendants' objections were substantially justified.

Defendants argued to have the Apex Doctrine, a state law principle, adopted in Federal Court. The relevant caselaw in this circuit was minimal and was not wholly inconsistent with the Apex Doctrine such that reasonable people could disagree about whether such doctrine is, or should be, applicable in federal court.

---

[2] Fed. R. Civ. P 37(a)(4) requires that the parties be afforded opportunities to be heard prior to awarding sanctions. **Moore v. Ransom Memorial Hosp.**, Case No. 05-2025, 2005 WL 2925060, *1 (D. Kan. Nov. 4, 2005) (citations and quotations omitted). An actual hearing is not necessary. *Id.* The Court may consider the issue of expenses on written submissions, which requirement is met where the moving party requests expenses in its motion or supporting brief and the opposing party is given the opportunity to submit a brief in response. *Id.* Here, Plaintiff requested sanctions in her original motion, and Defendants' were allowed to respond. The parties have been afforded a second opportunity in relation to this Motion for Reconsideration. The parties have clearly been afforded a statutorily sufficient opportunity to be heard. While Plaintiff requested a telephone hearing, the Court finds that such a hearing is not necessary. Plaintiff has not identified anything it wished to present at a telephone hearing that was not covered by its brief on the motion for reconsideration.

Such an argument to extend the application of a legal principle is substantially justified.  Accordingly, the Court DENIES Plaintiff's Motion for Reconsideration.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 8th day of December, 2005.

                                                    s/ Donald W. Bostwick
                                            DONALD W. BOSTWICK
                                            United States Magistrate Judge