# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PAMELA A. VAN DEN ENG, ) | |
| individually and as Personal ) | |
| Representative of the ESTATE OF ) | |
| PATRICK J. VAN DEN ENG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-MC-109-WEB-DWB |
| ) | |
| THE COLEMAN COMPANY, INC., ) | (U.S. Dist. Ct., E.D. Wis. |
| et al., ) | Case No 03-C-0504) |
| ) | |
| Defendants. ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

The above referenced case is a product liability/wrongful death action

pending in the Eastern District of Wisconsin.  Before the Court is the Coleman

Company, Inc.'s Motion for Protective Order and to Quash Plaintiff's Rule

30(b)(6) Subpoena for the Deposition of Defense Counsel.  (Doc. 13.)  Plaintiff

issued a subpoena *duces tecum* to Coleman's counsel, the Cozen O'Connor law

firm (Doc. 14, Ex. A.), seeking information relating to the above-captioned case.

Coleman filed this Motion to prevent the deposition and to quash the subpoena,

arguing that the subpoena violated a prior agreement of the parties, failed to pass

*Shelton* analysis, was procedurally deficient, and was overbroad, harassing, and

unduly burdensome.  Plaintiff filed a response (Doc. 16), claiming that its

subpoena is proper.

## BACKGROUND

The facts of the underlying case are briefly set out in the Court's previous Order in this matter (Doc. 9.), so the Court will not restate them here.  With regard to this motion, Plaintiff served a subpoena *duces tecum* to Cozen O'Connor on November 14, 2005, commanding the firm to "produce a witness who is most knowledgeable regarding the information and documents requested below."  (Doc. 14, Ex. A at 13.)  The Subpoena then lists information and documents requested, including:

> 1. All correspondence (including emails or other written or electronic **communication**) between **You**[1] or **Coleman** and **Your Experts**[2] in this case (that **You** have not previously produced).
>
> 2. All correspondence (including emails or other written or electronic **communication**) between **You** or **Coleman** and **Your Experts** that were identified in any other litigation that relate to propane radiant heaters (that **You** have not previously produced).
>
> 3. All **documents** and **communications** (including internal

---

[1] "You" is defined in the Subpoena Attachment as the Cozen O'Connor law firm and its agents.  (Doc. 14, Ex. A at 2.)  Likewise, all of the bolded terms were also defined in the Subpoena Attachment.

[2] "Your Experts is defined as "those experts (including all agents working for or on behalf of those experts) employed or retained by You or Coleman that You have identified as experts in [the underlying case]."  (Doc. 14, Ex. A at 2.)

**documents** and **communications**) between **Your Experts** and **Your Experts'** agents or employees that relate to **Your Experts'** work in this case (that **You** have not previously produced).

4.    All internal **documents** or **communications** between **Your Experts** that were identified in any other litigation that relates to propane radian [sic] heaters and **Your Experts'** agents or employees that **relate to Your Experts'** work in any other litigation involving propane radiant heaters (that **You** have not previously produced).

5.    All draft reports, notes or other **documents** prepared by **Your Experts** identified in this case (that **You** have not previously produced).

6.    All draft reports, notes or other **documents** prepared by **Your Experts** identified in any other litigation involving propane radiant heaters (that **You** have not previously produced).

7.    All **documents** that **relate to** any carbon monoxide or propane radiant heater testing **Your Experts** performed while identified and retained or employed in this case (that **You** have not previously produced).

8.    All **documents** that **relate to** any carbon monoxide or propane radiant heater testing **Your Experts** performed while identified and retained or employed in any other litigation involving propane radiant heaters (that **You** have not previously produced).

9.    All **documents** that describe any work performed by **Your Experts** (including billings, invoices, etc.) while working as an identified expert in any other litigation involving propane radiant heaters (that **You** have not previously produced).

(Doc. 14, Ex. A at 3–4.)

3

The parties had previously agreed to extend discovery from mid-October, 2005 to November 30, 2005, under the condition that "Van Den Eng and Coleman have agreed not to pursue any further discovery from each other either in written or oral form, other than that which has already issued." (Doc. 14, Ex. D at ¶ 6.)

Coleman argues that the Subpoena *duces tecum* served on Cozen O'Connor should be quashed because it (1) is in violation of the agreed order entered in the Eastern District of Wisconsin Court prohibiting further discovery between the parties; (2) does not pass the *Shelton* test; (3) is procedurally defective; and (4) is overbroad, harassing, and unduly burdensome. Plaintiff disputes all of Coleman's claimed defects.

## DISCUSSION

Fed. R. Civ. P. 26(c) provides that the Court may make "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... that the disclosure or discovery not be had." While the Court will not ordinarily totally prohibit the taking of a deposition absent extraordinary circumstances, ***Horsewood v. Kids "R" Us***, Case No. 97-2441, 1998 WL 526589, at *5 (D. Kan. Aug. 13, 1998), the taking of opposing counsel's deposition may present such circumstances. *See **Boughton v. Cotter Corp.***, 65 F.3d 823, 830 (10th Cir. 1995) (upholding a trial court's

complete bar against taking opposing counsel's deposition where at least one of the

***Shelton*** factors was met).  Trial courts have discretion in determining when a

protective order is appropriate.  *Id*. at 823.

In ***Shelton v. American Motors Corp.***, the Eighth Circuit held that a party

would not be allowed to take opposing counsel's deposition unless the party could

show that (1) no other means exist to obtain the information than to depose

opposing counsel, (2) the information sought is relevant and non-privileged, and

(3) the information is crucial to the preparation of the case.  805 F.2d 1323, 1327

(8th Cir. 1986).  The Tenth Circuit, in ***Boughton***, approved the ***Shelton*** factors,

stating

> [T]he critical issue is not whether the plaintiffs sought
> privileged information or how such a privilege should be
> asserted, the question is whether the trial court abused its
> discretion in attempting to protect the defendants from an
> unnecessary burden. Viewed in this light we approve of
> the criteria set forth in *Shelton v. American Motors*,
> *supra*, but at this time we need only make the more
> limited holding that ordinarily the trial court at least has
> the discretion under Rule 26(c) to issue a protective order
> against the deposition of opposing counsel when any one
> or more of the three *Shelton* criteria . . . are not met.

*Id*. at 830.

***Boughton*** is not a restriction on the Court's discretion under Rule 26(c), but

rather is an indicator of the scope of such discretion.  ***Boughton*** essentially

5

established a *per se* rule that if a party seeking to depose opposing counsel could not meet the ***Shelton*** test, then it was within the trial court's discretion to issue a protective order prohibiting such deposition under Rule 26(c).  The key issue is whether the request presents an unnecessary burden, and the ***Shelton*** factors are simply an indicator to the Court that a burden is unnecessary.

Plaintiff argues that ***Boughton*** and the ***Shelton*** factors should not be applied in this case because Plaintiff's "Rule 30(b)(6) subpoena does not require any <u>attorney</u> in this litigation to testify."  (Doc. 16 at 5) (emphasis added).  Plaintiff further states that Rule 30(b)(6) "merely requires the firm [to] designate a corporate representative to authenticate the information produced and provide a record of the firm's efforts to locate and produce responsive information."  *Id*. Plaintiff offers that such person "could naturally be any uninvolved attorney or other staff, including a secretary, paralegal, or technical information individual, so long as the person was properly informed of the firm's efforts."

First, this suggestion by Plaintiff is not consistent with the specific requirement of the subpoena which states that any non-party organization that is subpoenaed "shall designate one or more <u>officers</u>, <u>directors</u> or <u>managing agents</u>, or other persons who consent to testify on its behalf. . . ."  (Doc. 14, Ex. A.) (emphasis added).  Second, as a practical matter it is inconceivable to the Court

that a law firm would tender an "uninvolved" attorney or staff employee to testify about the topics in the subpoena under the circumstances presented here. Plaintiff's argument to the contrary is not persuasive or realistic.

The question here, however, is not whether the holding of *Shelton* extends to protect the employees of opposing counsel's law firm, or even whether the proposed deponent is an attorney or not.  The question is whether the subpoena presents an unnecessary burden sufficient to justify a protective order.  With respect to the application *Shelton* factors, the question is whether such factors are relevant to assessing the extent or necessity of the burden created by the subpoena. In determining whether the *Shelton* factors are relevant in this case, the Court looks to the purpose of the factors as outlined by the Eighth Circuit which noted that

> Taking the deposition of opposing counsel not only disrupts the adversarial system and lowers the standards of the profession, but it also adds to the already burdensome time and costs of litigation. It is not hard to imagine additional pretrial delays to resolve work-product and attorney-client objections, as well as delays to resolve collateral issues raised by the attorney's testimony. Finally, the practice of deposing counsel detracts from the quality of client representation. Counsel should be free to devote his or her time and efforts to preparing the client's case without fear of being interrogated by his or her opponent.

805 F.2d 1323, 1327 (8th Cir. 1986) (cited in *Boughton*, 65 F.3d at 829).

A Rule 30(b)(6) deposition of another member of opposing counsel's law firm presents all of the same problems as a direct deposition of opposing counsel. Whether opposing counsel is deposed directly or some member of opposing counsel's firm is deposed after conducting an internal investigation, which would necessarily involve questioning of opposing counsel, the adversarial system would be disrupted and the standards of the profession lowered.  Questions of privilege and work product would remain, *see* Edna Selan Epstein, The Attorney-Client Privilege and the Work-Product Doctrine 149, 4th ed. (2001) (stating that intra-firm communication is protected by the attorney-client privilege), and the time and costs of litigation are increased by issuing a subpoena to opposing counsel's law firm. Accordingly, the Court finds that the ***Shelton*** factors are as relevant to determining whether a subpoena issued to opposing counsel's law firm is unnecessarily burdensome as they are when addressing whether the opposing counsel should be directly deposed.

In this case, it is clear that Plaintiff cannot satisfy the first ***Shelton*** factor. The information sought from the deposition of the law firm could have been obtained by requesting it from Coleman directly prior to the discovery deadline. Plaintiff points out that she served prior document requests to Coleman and she attached a copy of Plaintiff's Sixth Request for Production of Documents to her

brief.  (Doc. 16, Ex. 1.)  That document request directs Coleman to produce documents "which are either in your possession, readily available to you, or in your ability to control."  *Id.*[3]  Plaintiff claims to have already requested "most, if not all, of the discovery she seeks from the Cozen O'Connor law firm previously from Coleman."  (Doc. 16 at 4.)  Furthermore, Plaintiff states that while she "can and will move to compel discovery against Coleman, no rule limits her ability to pursue all sources of evidence in this case."  (Doc. 16 at 4.)  The Court disagrees. That is precisely what the ruling in ***Shelton*** says – no deposition of opposing counsel should be allowed if the information sought is available from other sources.

        In light of Plaintiff's statements, it is clear to this Court that Plaintiff can obtain all of the information she seeks by filing a motion to compel against Coleman, while avoiding the expense and burden of deposing a member of the Cozen O'Connor law firm.  Accordingly, the Court finds that the subpoena *duces tecum* issued to Cozen O'Connor law firm is unnecessarily burdensome.  The Court GRANTS Coleman's Motion and quashes the subpoena.  The Court need not address any of the remaining ***Shelton*** factors or any of Coleman's other claimed

---

[3]  Clearly, Coleman, as the client, has the "ability to control" production of documents held by the law firm that represents it in this case.

9

bases for quashing the subpoena.

**IT IS THEREFORE ORDERED** that Coleman's Motion for Protective

Order and to Quash Plaintiff's Rule 30(b)(6) Subpoena for the Deposition of

Defense Counsel is GRANTED.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 14th day of December, 2005.

       s/ Donald W. Bostwick      
DONALD W. BOSTWICK
United States Magistrate Judge